# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| COMANCHE NATION, et al. | ) ) ) ) |
| Plaintiffs, | ) )   Case No. CIV-08-849-D ) |
| v. | ) ) ) |
| UNITED STATES, et al., |  |
| Defendants. |  |

## TEMPORARY RESTRAINING ORDER

Before the Court is the Plaintiffs' Motion for Temporary Restraining Order [Doc. No. 2] filed on August 15, 2008. Plaintiffs ask the Court to enter a temporary restraining order enjoining Defendants from commencing or continuing the construction of a warehouse on the Ft. Sill Military Reservation at the southern base of Medicine Bluffs. Medicine Bluffs is listed on the National Register of Historic Places, and Plaintiffs contend that the proposed warehouse location, just south of the boundary of the historic features area, is a significant religious and ceremonial site protected by federal law from disruption or interference.

Plaintiffs provided notice to Defendants of the filing of this lawsuit as well as the Motion for a Temporary Restraining Order and, on August 15, 2008, the Court met with counsel for Plaintiffs and counsel for Defendants to hear argument and consider the request for a temporary restraining order.

By affidavit, Plaintiff Jimmy Arterberry, Jr., establishes that Defendants intend to begin deep

excavation of the proposed warehouse site on Monday, August 18, 2008, and that this excavation precedes the laying of a permanent concrete foundation for the warehouse. Plaintiffs contend that, because the excavation location is a site considered by the Comanche Nation to be a sacred area and is used by members of the Comanche Nation for traditional religious and ceremonial purposes, the imminent excavation of the site will cause permanent, irreparable harm.

The purpose of a temporary restraining order is to preserve the *status quo* until the court has an opportunity to hear a request for fuller relief, such as a motion for preliminary injunction. *Northern Arapahoe Tribe v. Hodel*, 808 F.2d 741, 753 (10th Cir. 1987); *Hospital Resources Personnel, Inc. v. United States*, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994). The requirements for a temporary restraining order are essentially the same as for a preliminary injunction. *Reproductive Services v. Keating*, 35 F. Supp. 2d 1332, 1334 (N. D. Okla. 1998). Pursuant to Fed. R. Civ. P. 65, a plaintiff must establish the following to obtain a temporary restraining order: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002); *Fed. Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1194 (10th Cir.1999). If the movant can establish that the latter three requirements tip strongly in its favor, the test is modified, and the movant may meet the requirement for showing success on the merits by showing "that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Davis*, 302 F.3d at 1111; *Fed. Lands Legal Consortium*, 195 F.3d

at 1195[1].

The Court finds that, given the nature of the interests which Plaintiffs in this case seek to protect, irreparable harm will result if the construction project commences on August 18, 2008. The Court also concludes that such harm outweighs the harm that will result to Defendants if a temporary restraining order is issued. During the Court's conference with counsel, Defendants' counsel advised that a delay in the project is expected to cost $1,800.00 per day if the work does not proceed as planned. The Court finds that such harm can be alleviated by the posting of a security bond by Plaintiffs in an amount that will take the estimated loss into account for the time reasonably necessary to allow for the full presentation of a motion for preliminary injunction. Defendants offered no basis – other than monetary – for claiming injury that would result from a postponement of the project. With respect to the public interest, Defendants offered no argument that a delay would negatively affect the public interest, and the Court finds that the public interest will be better served by a more deliberate and full examination of the issues in this case, which involve potential permanent and irreparable impact on traditional Native American religious practices in the area.

Based on the conference with counsel and a review of the materials filed by Plaintiffs, the Court concludes that this case is one in which three of the four factors required for a temporary restraining order tip decidedly in favor of Plaintiffs, thus relaxing the "substantial likelihood of success on the merits" requirement. At this stage of the proceedings, the Court believes that the questions going to the merits are serious, substantial, and difficult; these are significant enough to

---

[1] *The modified test does not apply where the requested relief is among the "disfavored" categories of injunctions, including those which: 1) disturb the status quo, 2) are mandatory as opposed to prohibitory; and 3) afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. See O Centro Espirta Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), aff'd, 546 U.S. 418 (2006). However, the relief requested by Plaintiffs in this case does not fall into any of these disfavored categories.*

make the issue not only ripe for litigation, but deserving of more deliberate investigation.

Consequently, a temporary restraining order is necessary to preserve the *status quo* and prevent any permanent irreparable harm to Plaintiff Comanche Nation and its traditional members, like Plaintiff Mr. Arterberry, who currently and historically practice religious ceremonies at the proposed construction site.

Pursuant to Fed. R. Civ. P. 65(c), the Court finds that security in the amount of $25,000.00 is sufficient, and shall be posted by Plaintiffs within five (5) calendar days of the date hereof.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants are temporarily restrained from proceeding with the construction, including earthwork or foundation preparation, of the warehouse or other building on the Ft. Sill Military Reservation in the vicinity of the southern base of Medicine Bluffs. Plaintiffs shall post security in the amount of $25,000.00.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the restraint of this Order shall remain in full force and effect for fourteen (14) days from the date hereof[2], unless extended by further order of the Court. No later than close of business on August 20, 2008, the parties are to notify the Court regarding the formal discovery, if any, the parties believe is necessary in order to allow for the presentation of Plaintiffs' motion for preliminary injunction. A hearing on Plaintiffs' request for a preliminary injunction will be scheduled at a date and time within approximately fourteen (14) days of the date hereof, to be set by the Court.

IT IS SO ORDERED this 18th day of August, 2008, and entered as of the time recorded by

---

[2] *Where, as here, notice of the Motion was provided, the Rule 65(b)(2) ten-day limitation on the duration of a temporary restraining order need not be applied. See CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc., 859 F. Supp. 945, 948 (D. Md. 1994).*

the Electronic Case Filing System.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

5