THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| COMANCHE NATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-08-849-D |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| Defendants. | ) | |

ORDER

Before the Court is the Plaintiffs' Motion [Doc. No. 20] to Strike Defendants' Disclosure of Expert Testimony. Defendants have timely responded to the Motion.

Plaintiffs seek to exclude certain of the Defendants' witnesses who are expected to testify at the September 10, 2008 hearing on Plaintiffs' motion for a preliminary injunction, and whose testimony is expected to include both factual testimony and expert opinions. Pursuant to the Court's August 25, 2008 Order [Doc. No. 14] scheduling the hearing date and setting pre-hearing deadlines, Defendants submitted their list of expert witnesses who may be called to testify. Defendants list eight witnesses, identify each as an employee, and briefly describe the topic of each witness's anticipated testimony. According to Defendants, the listed witnesses also have direct knowledge of the facts related to this case; therefore, Defendants state that the witnesses may offer both expert and fact testimony, referring to their testimony as "mixed." Defendants did not submit expert witness reports for the listed witnesses. Plaintiffs contend that their failure to do so violates

the Federal Rules of Civil Procedure and this Court's August 25 Order and warrants striking the expert witnesses.

Plaintiffs contend that omission of the expert reports violates the requirements of Fed. R. Civ. P. 26(a)(2)(B), which requires that a party disclose a written report for each of its expert witnesses. The requirements of Rule 26(a)(2)(B) "are mandatory and self-executing." *Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 2005 WL 3257509,\*\*4 (10th Cir. Dec. 2, 2005), *(quoting Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59 (1st Cir.2001)). Where a party fails to comply, the Court must exclude the proposed expert testimony unless the proponent shows "substantial justification" for the failure, or the Court determines the failure to comply is harmless. Fed. R. Civ. P. 37(c)(1); *Gust v. Jones* 162 F.3d 587, 592-593 (10th Cir. 1998).

Defendants argue that they have not violated the requirements of Fed. R. Civ. P. 26(a)(2)(B) because the Rule does not require an expert report if the witness is a party's employee whose job duties do not involve regularly testifying as an expert witness. The Rule provides in relevant part:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report.

Fed. R. Civ. P. 26(a)(2)(B). Defendants argue that the listed witnesses have not been employed to provide expert testimony in this case; instead, they are Defendants' employees whose job duties do not regularly involve giving expert testimony. Consequently, Defendants contend the witnesses are not required to prepare written reports.

As Defendants point out, the Tenth Circuit has not applied the Rule 26 report requirements to an employee testifying as an expert, and there are few decisions addressing the issue. However, several courts have concluded that, according to the plain language of the Rule, the disclosure requirements do not apply to a party's employee who does not regularly offer expert testimony. *See, e.g. Duluth Lighthouse for the Blind v. C. G. Bretting Manufacturing Co.,* 199 F. R. D. 320 (D. Minn. 2000); *Navajo Nation v. Norris*, 189 F. R. D. 610, 613 ( E. D. Wash. 1999).

In *Duluth Lighthouse*, the court expressly noted that the language of the Rule precludes a conclusion that all employee-experts must comply with the disclosure requirements:

> We think it self-evident that, had it been the intention of the drafters to include all employee-experts within the disclosure requirements of the Rule, they would not have taken such pains to make clear that only those employees who are "specially employed to provide such testimony," or whose duties "regularly involve the giving of such testimony," are subject to the automatic disclosure requirements. We are not at liberty to read out of a procedural Rule, or ignore unambiguous language, that those drafting the Rule expressly included.

*Duluth Lighthouse*, 199 F. R. D. at 325 n. 7.  In reaching that conclusion, the court cited *Navajo Nation,* which also relied on the express language of Rule 26(a)(2)(B):

> [T]he rule has a specific category of employee experts who must provide a report: those who regularly testify. Given the plain language of this specific category, by implication, those employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report.

*Navajo Nation*, 189 F. R. D. at 612.  *See also Adams v. Gateway, Inc.*, 2006 WL 644848, *2 (D. Utah Mar. 10, 2006) ("The plain language of the rule facilitates a party's use of an employee for expert witness testimony without the burden of a formal report.").

In arguing that the Rule should not be interpreted to allow Defendants to avoid the necessity

of written reports, Plaintiffs rely on *Big Sky Water Company, Inc. v. Hobarama, LLC*, 2005 WL 6003545 (D. Mont. Dec. 13, 2005).  The Court does not find this decision persuasive, however, as the court in *Big Sky* did not consider challenges to expert witnesses who were also a party's employees, nor did it discuss the Rule 26 disclosure requirements for employees who do not regularly testify as expert witnesses[1].

The Court concludes that, under the plain language of Fed. R. Civ. P. 26(a)(2)(B), a party's employee who does not regularly offer expert testimony is not required to comply with the Rule's expert report requirement.  In this case, Defendants state that the challenged witnesses are employees whose job duties do not involve regularly testifying as expert witnesses.  Plaintiffs have not disputed that statement.  Accordingly, the witnesses are excluded from the reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).  It should also be noted that Plaintiffs have had the opportunity to depose the listed witnesses, and have apparently chosen to depose some, but not all, of them.

Plaintiffs also argue, however, that the Court's Order setting pre-hearing deadlines required the submission of expert reports.  Although Plaintiffs correctly note that the Order contains a deadline for disclosing expert witnesses and their reports, the Order was not intended to alter the provisions of Fed. R. Civ. P. 26(a)(2)(B).  Therefore, the Rule's express exclusions regarding

---

[1] With respect to one group of challenged expert witnesses, the court noted that the "disputed witnesses are not Big Sky employees."  2005 WL 6003545, * 3.  Although it also considered other challenges based on the failure to submit expert reports, it did not identify the challenged witnesses as employees of a party.

employees testifying as expert witnesses apply in this case.

Having fully considered the parties' arguments and authorities, the Plaintiffs' Motion to Strike Defendants' Disclosure of Expert Testimony [Doc. No. 20] is DENIED[2].

IT IS SO ORDERED this 9th day of September, 2008.

*[signature]*

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] If the witnesses listed by Defendants are called to offer expert opinion testimony, they must, of course, satisfy the admissibility requirements of Fed. R. Evid. 702.

5